## Case No. 15,521.

### UNITED STATES v. KENNAN.

[1 Pet. C. C. 168.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1815.

REPLEVIN — WHEN MAINTAINABLE — CONTRACT — JOINDER OF PARTIES.

1. Parker agreed in writing, to furnish certain goods to the commissary general of the United States, manufactured and about to be made, for the purpose of paying a debt due by him to the commissary general, and to Robert Earp. The action of replevin, cannot be maintained by the United States, for the goods manufactured by P. as by the contract, no interest appears to have vested in the United States, and if it had vested, R. E. is equally interested in the goods, and ought to have been joined in the suit.

[Cited in brief in Com v. City of Pittsburg, 34 Pa. St. 508.]

2. A. agrees to pay a sum of money, or do a certain act, for the use of B. and C. A suit for this contract cannot be supported in the name of either of the parties only, but in the name of B. and C. jointly.

Replevin for one hundred and sixteen pieces of kerseys. The title of the United States, was founded on an agreement, bearing date the 15th February, 1815, substantially as follows: "Thomas Parker agrees to furnish the commissary general of the United States, with a sufficient quantity of

[1] [Reported by Richard Peters, Jr., Esq.]

gray and white kerseys, part of which are now finished, and the materials for the remainder are now on hand; to pay the debt due the commissary, and the notes held by Robert Earp, altogether amounting to 7,000 dollars and upwards; and my stock in trade, on hand, is hereby appropriated and set apart for the payment of these engagements." These kerseys, being in the possession of Kennan, are claimed by Redman, under a subsequent assignment made by Parker. On the same day, a notice, signed by Robert Earp, was sent to Kennan, in the following words: "You are required not to deliver any part of the stock of Parker in your possession, except in compliance with the assignment made this day, for my use, by Parker; a copy of which is herewith delivered."

J. R. Ingersoll and Mr Hopkinson, for defendant contended that the United States had failed to prove property in these goods; and if they had proved it, still they could not maintain this suit, without joining Robert Earp, he being a tenant in common in the same, under the agreement.

Mr. Chauncey, for the United States.

WASHINGTON, Circuit Justice. This cause turns upon a question of property. The foundation upon which the claim of the United States is rested, is the agreement of the 25th of February, 1815, between Thomas Parker and the commissary general, whose name even is not mentioned in it. There is nothing relied upon, but conjecture, to connect the United States, in any manner, with this transaction. It is not stated in the agreement, that the commissary general contracted as an agent of the United States, or on his own private account; which he might well do, and his title be used as a mere description of the person. It is not stated, that the consideration passed from the United States, or was intended for their use. The only interest which distinctly appears in the agreement, different from that of the commissary general is that of Robert Earp; who it would seem, together with the commissary general, was a creditor of Parker. The assignment, however, is made to the commissary general, in whose name the suit might have been brought. But if it appeared that this contract was made for the benefit of the United States; it appears also, that it was made for that of Robert Earp; and consequently, the suit could, upon no principle, be maintained, for the whole of the property in the name of the United States. If an agreement be made with A., to pay money, or to do any act for the use of B. and C., the suit may be maintained in the name of A., but certainly not in the name of C. or B., singly. So far as there is any evidence given in this cause, of property in the goods in question. it proves it to be exclusively in Earp. The name of the com-

missary general is not stated, nor does it appear that he knew of, or had any agency in making this contract. It was written by Earp; he alone appears in the transaction, from beginning to end; and the notice of the 25th of February to the defendant, is signed by him; in which he distinctly claims the goods mentioned in the assignment, as his own property.

Upon the whole, the court has no hesitation in directing a verdict to be found for the defendant.

Verdict for defendant.